UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:14-CR-35-TLS-SLC<br>1:20-CV-28-TLS |
| VICTOR BOYER | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 450], filed by Defendant Victor Boyer on January 15, 2020. Defendant is serving a sentence for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1) and for the use, carrying, brandishing, or discharging of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2). Defendant now seeks to vacate his conviction and sentence under § 924(c) based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons set forth below, the Court DISMISSES the motion.

**BACKGROUND**

After pleading guilty to Counts 1 and 2 of the Indictment, Defendant was sentenced to 37 months imprisonment on Count 1 and to 120 months imprisonment on Count 2, to run consecutively. Judgment 2, ECF No. 264. The judgment of conviction was entered on January 19, 2017. *Id*. Defendant filed the instant motion pursuant to § 2255 on January 15, 2020.

**ANALYSIS**

Under 28 U.S.C. § 2255(a), a prisoner may move the sentencing court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that, upon preliminary consideration by the judge who received the motion, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings.

In his motion, Defendant argues that his conviction under 18 U.S.C. § 924(c) should be vacated in light of the Supreme Court decision in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Section § 924(c)(1) establishes the penalties for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking offense." 18 U.S.C. § 924(c)(1), (c)(1)(A). Section § 924(c)(3) then defines "crime of violence" as an offense that is a felony and either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," ("elements clause") or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause"). *Id.* § 924(c)(3). Defendant contends that his conviction under § 924(c) must be vacated in light of *Davis* because "the underlying predicate offense of 'bank robbery' no longer categorically qualifies as a 'crime of violence.'" Def.'s Br. 2, ECF No. 450-1.[1]

---

[1] In both his opening brief and reply brief, Defendant also makes references to Hobbs Act robbery. *See* Def.'s Br. 11, 14, 16; Def.'s Reply 2–4, ECF No. 460. However, as set forth above, Defendant was convicted of armed bank robbery under 18 U.S.C. §§ 2113(a) and (d) and was not convicted of Hobbs Act robbery under 18 U.S.C. § 1951(a). *See* Judgment 1.

In response, the Government argues that binding precedent prevents Defendant from showing that armed bank robbery is not a crime of violence under the still-valid elements clause in 18 U.S.C. § 924(c)(3)(A). Indeed, the Seventh Circuit Court of Appeals has held that bank robbery under 18 U.S.C. § 2113(a) or (d) is categorically a crime of violence under § 924(c)(3)(A)'s elements clause. *See United States v. Williams*, 864 F.3d 826, 830 (7th Cir.), *cert. denied*, 138 S. Ct. 272 (2017) (holding that bank robbery under § 2113(a) is as a crime of violence under the elements clause); *United States v. Armour*, 840 F.3d 904, 908–09 (7th Cir. 2016) (holding that attempted bank robbery under § 2113(a) and (d) "satisfies the elements clause of the definition of the 'crime of violence'").

As a result, the holding in *Davis* as to the constitutionality of the residual clause in § 924(c)(3)(B) does not apply to Defendant's § 924(c) conviction based on the predicate armed bank robbery in violation of § 2113(a) and (d), categorically a crime of violence under the still-valid elements clause in § 924(c)(3)(A). Thus, Defendant is not entitled to the relief sought pursuant to § 2255, and his motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court issues or denies a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation

marks omitted). In this case, the Court finds that Defendant has failed to show that reasonable jurists could debate whether his Motion presents a viable ground for relief because *Davis* is not applicable. Accordingly, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 450]. The Court declines to issue a Certificate of Appealability.

SO ORDERED on August 31, 2020.

                         s/ Theresa L. Springmann
                         JUDGE THERESA L. SPRINGMANN
                         UNITED STATES DISTRICT COURT